```
                    FILED
          CLERK, U.S. DISTRICT COURT

                  3/4/2025

          CENTRAL DISTRICT OF CALIFORNIA
          BY: _____MMC_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JUSTIN SY,<br>    aka "Benjamin Kang,"<br>    aka "daaangcuhrich,"<br><br>        Defendant. | CR No. 2:25-CR-00141-ODW<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 26 U.S.C. § 5861(d): Possession of an Unregistered Firearm; 26 U.S.C. § 5861(i): Possession of an Unserialized Firearm; 18 U.S.C. § 924, 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(a)(1)(A)]

Beginning on an unknown date, but no later than on or about October 18, 2024, and continuing to at least on or about February 3, 2025, in Los Angeles County, within the Central District of California, and elsewhere, defendant JUSTIN SY, also known as ("aka")

"Benjamin Kang," aka "daaangcuhrich," not being a licensed importer, manufacturer, or dealer of firearms, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, on or about the following dates:

| DATE | FIREARM(S) |
|---|---|
| October 18, 2024 | A multi-caliber rifle of unknown manufacturer with an obliterated serial number |
| October 22, 2024 | A 9mm caliber pistol of unknown manufacturer, which did not contain a legitimate manufacturing mark or serial number (also known as a "ghost gun") |
| October 24, 2024 | (1) A Glock GMBH, model 23 Gen 4, 40 caliber pistol, bearing serial number UUL649; and (2) An Anderson Manufacturing, model AM-15, multi caliber pistol, bearing serial number 21240650 |
| October 29, 2024 | (1) A privately manufactured 5.56 caliber short-barreled ghost gun rifle; and (2) A privately manufactured AR style ghost gun pistol |
| November 5, 2024 | (1) A Glock, model 48, 9mm caliber pistol, bearing serial number AHWB439; and (2) A Glock, model 19x, 19x9mm caliber pistol, bearing serial number BHNE796 |
| January 15, 2025 | (1) A privately manufactured, 9mm caliber ghost gun pistol; and (2) A Mossberg, model 500, 12 gauge shotgun, bearing serial number U222163 |
| January 22, 2025 | (1) A Romarm/Cugir, model Mini Draco, 7.62x39 caliber pistol, bearing serial number ROA 23 PH-4744; (2) A Sig Sauer, model Sig M400, 5.56 NATO caliber rifle, bearing serial number 21G004302; and (3) A Russian, model SKS-45, 762 caliber rifle, bearing serial number RH606527 |

COUNT TWO

[26 U.S.C. § 5861(d)]

On or about October 29, 2024, in Los Angeles County, within the Central District of California, defendant JUSTIN SY, also known as ("aka") "Benjamin Kang," aka "daaangcuhrich," knowingly possessed a firearm, namely, a 5.56 caliber rifle of unknown manufacturer, with a barrel less than 16 inches in length, bearing no serial number, which defendant SY knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code Sections 5845(a)(3) and 5845(c), and which had not been registered to defendant SY in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code.

COUNT THREE

[26 U.S.C. § 5861(i)]

On or about October 29, 2024, in Los Angeles County, within the Central District of California, defendant JUSTIN SY, also known as ("aka") "Benjamin Kang," aka "daaangcuhrich," knowingly possessed a firearm, namely, a 5.56 caliber rifle of unknown manufacturer, with a barrel less than 16 inches in length, bearing no serial number, which defendant SY knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code Sections 5845(a)(3) and 5845(c), and which was not identified by a serial number, as required by Chapter 53, Title 26, United States Code.

COUNTS FOUR THROUGH NINE

[18 U.S.C. § 922(g)(1)]

On or about the following dates, in Los Angeles County, within the Central District of California, defendant JUSTIN SY, also known as ("aka") "Benjamin Kang," aka "daaangcuhrich," knowingly possessed the following firearms and ammunition, each in and affecting interstate and foreign commerce:

| COUNT | DATE | FIREARM(S) AND AMMUNITION |
|---|---|---|
| FOUR | October 18, 2024 | One round of Poongsan Defense 5.56 caliber ammunition |
| FIVE | October 24, 2024 | (1) A Glock, model 23 Gen 4, .40 caliber pistol, bearing serial number UUL649; and<br>(2) An Anderson Manufacturing, model AM-15, multi caliber pistol, bearing serial number 21240650 |
| SIX | November 5, 2024 | (1) A Glock, model 48, 9mm caliber pistol, bearing serial number AHWB439; and<br>(2) A Glock, model 19x, 19x9mm caliber pistol, bearing serial number BHNE796 |
| SEVEN | January 15, 2025 | A Mossberg, model 500, 12 gauge shotgun, bearing serial number U222163 |
| EIGHT | January 22, 2025 | (1) A Romarm/Cugir, model Mini Draco, 7.62x39 caliber pistol, bearing serial number ROA 23 PH-4744;<br>(2) A Sig Sauer, model Sig M400, 5.56 NATO caliber rifle, bearing serial number 21G004302; and<br>(3) A Russian, model SKS-45, 762 caliber rifle, bearing serial number RH606527 |

5

| COUNT | DATE | FIREARM(S) AND AMMUNITION |
|---|---|---|
| NINE | February 3, 2025 | (1) A Palmetto State Armory, model PA-15, multi caliber rifle, bearing serial number HP009660; <br>(2) A Sig Sauer, model p238, .380 caliber pistol, bearing serial number 27B024500; <br>(3) A Taurus, model PT738 TCP, .380 caliber pistol, bearing serial number 35933E; <br>(4) A Mossberg, model MC1, 9mm caliber pistol, bearing serial number 025039CP; <br>(5) A Kel-Tec, model P3AT, .380 caliber pistol, bearing serial number HX229; <br>(6) A SCCY Industries, model CPX-1, 9mm caliber pistol, bearing serial number 544805; <br>(7) A Taurus, model G3C, 9mm caliber pistol, bearing serial number ACN728475; <br>(8) A Ruger, model EC9, 9mm caliber pistol, bearing serial number 463-45049; <br>(9) A Glock, model 22, .40 caliber pistol, bearing serial number CCS753 US; <br>(10) A Glock, model 20, 10mm caliber pistol, bearing serial number UW092; <br>(11) A Glock, model 21, 45 caliber pistol, bearing serial number ZPF061; <br>(12) Three rounds of Federal .40 S&W caliber ammunition; <br>(13) One round of Blazer .40 S&W caliber ammunition; <br>(14) One round of Hornady .40 S&W caliber ammunition; <br>(15) Two rounds of Remington-Peters .40 S&W caliber ammunition; <br>(16) One round of Herter's .40 S&W caliber ammunition; <br>(17) One round of Sellier & Bellot .40 S&W caliber ammunition; <br>(18) One round of Precision Made Cartridges .40 S&W caliber ammunition; <br>(19) One round of Independence, .40 S&W caliber ammunition; <br>(20) One round of Winchester Military Ammunition .40 S&W caliber ammunition; and <br>(21) One round of Speer, .40 S&W caliber ammunition |

Defendant SY possessed such firearms and ammunition knowing that he previously had been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Possession of Metal Knuckles, in violation of California Penal Code Section 21810, in the Superior Court for the State of California, County of Los Angeles, Case Number TA144702, on or about April 25, 2018;

2. Second Degree Robbery, in violation of California Penal Code Section 211, in the Superior Court for the State of California, County of Los Angeles, Case Number NA107682, on or about January 15, 2019;

3. Second Degree Robbery, in violation of California Penal Code Section 211, in the Superior Court for the State of California, County of Orange, Case Number 17WF1664, on or about June 25, 2019; and

4. Grand Theft, in violation of California Penal Code Section 487(a), in the Superior Court for the State of California, County of Los Angeles, Case Number FWV17003846, on or about August 18, 2022.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One and Four through Nine of this Indictment.

2.  Defendant, if so convicted, shall forfeit to the United States of America the following:

    a.  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

    b.  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[26 U.S.C. § 5872 and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Two or Count Three of this Indictment.

2.   Defendant, if so convicted, shall forfeit to the United States of America the following:

   a.   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

   b.   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                                A TRUE BILL

                                                /S/_____
                                                Foreperson

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

*Frances S. Lewis* (signature)

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes Section

ALEXANDRA SLOAN KELLY
Assistant United States Attorney
General Crimes Section

10